IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MELVIN ALEJANDRO HOWELL-GALEAS, § § | |
| Petitioner, § | |
| § | |
| V. § | A-07-CA-550 LY |
| § | |
| JOHN B. FOX, Warden, FCI Bastrop, § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed July 11, 2007 (Clerk's Doc. No. 1) ( "Petition") and the Government's Response to Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed March 13, 2008 (Clerk's Doc. No. 10). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND**

On December 7, 2005, Melvin Alejandro Howell-Galeas ("Petitioner") pled guilty pursuant to a plea agreement in the United States District Court for the Middle District of Florida to count one of a two-count superseding indictment, which charged him with conspiracy to possess with intent to distribute five or more kilograms of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 1903(a), 1903(g), and 1903(j), and 21 U.S.C.

§ 960(b)(1)(B)(ii). *See* December 7, 2008 Plea Agreement (Clerk's Doc. No. 118) in 8:05-CR-394-T-26. On March 10, 2006, the District Court sentenced Petitioner to a 135-month term of imprisonment, a 60-month term of supervised release, and a special assessment of $100.00. *See* March 13, 2006 Judgment (Clerk's Doc. No. 176) in 8:05-CR-394-T-26. Petitioner neither appealed the sentence, nor filed a timely motion under 28 U.S.C. § 2255.[1]

## II. ANALYSIS

Petitioner seeks a reduction in the length of his sentence. He argues that the sentencing court erred by: (1) denying him a mitigating role adjustment under section 3B1.2 of the United States Sentencing Guidelines; and (2) imposing an unreasonable sentence based on the factors listed in 28 U.S.C. § 3553 and the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Because Petitioner has only alleged errors that occurred during or before his sentencing, and his claims do not fall within the so-called "savings clause" provision of § 2255, his claims are outside the scope of a § 2241 motion and must be dismissed.

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition under § 2241 "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and

---

[1] On May 11, 2007, Petitioner filed a motion in the United States District Court for the Middle District of Florida in which he sought permission to appeal under 28 U.S.C. § 2255 and for an extension of time to do so. *See* May 11, 2007 Motion in Seek to Appeal Under 28 U.S.C. § 2255 and for Extension of Time Pursuant to Rule 26(b) & 4(b) (Clerk's Doc. No. 261) in 8:05-CR-394-T-26. That motion was denied because it was filed past the one-year limitation period applicable to motions to vacate under 28 U.S.C. § 2255. *See* May 11, 2007 Order (Clerk's Doc. No. 262) in 8:05-CR-394-T-26.

must be filed in the same district where the prisoner is incarcerated." *Id.*  By contrast, a § 2255 motion is the vehicle for attacking a federal sentence for errors that occurred "'at or prior to sentencing.'" *Id*. (quoting *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  Motions under § 2255 must be filed in the court that sentenced a particular defendant. *Id.* "A § 2241 petition is not, however, a substitute for a motion under § 2255." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  A petition under § 2241 that seeks to challenge the validity of a federal sentence must be dismissed or construed as a motion under § 2255 unless Petitioner can establish that his claims fall under the savings clause provision of § 2255.  *Pack*, 218 F.3d at 452.

The savings clause provision may be invoked "only when the Constitution demands it, or where otherwise Congress would violate the Suspension Clause by imposing a conviction or sentence without allowing for [§] 2241 relief." *Id*. at 453.  The savings clause provision provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).  In order for Petitioner's claims to "fall under the savings clause of § 2255, [Petitioner] bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective."  *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).  "[A] petitioner's burden in demonstrating the inadequacy of the § 2255 remedy is a stringent one." *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2002).  In *Reyes-Requena v. United States*, the United States Court of Appeals for the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a petition under § 2241 in connection with the savings clause.  *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).  First, the petitioner's claim must be "based on a

retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id*. at 904.  Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.*  The first prong of this test "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" *Jeffers*, 253 F.3d at 830 (quoting *Reyes-Requena*, 243 F.3d at 903-04).  "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903.

Petitioner failed to reference any "retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense." *Id.* At 904.  "'Actual innocence' for the purposes of our savings clause test could only be shown if [Petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831.  Petitioner has also failed to show that his claims were foreclosed by circuit law at the time they should have been raised. *See id.*  Instead, Petitioner contends § 2241 is his last resource to appeal because a direct appeal of his sentence and motion under § 2255 are time-barred.  Procedural bars do not establish the inadequacy or ineffectiveness of the § 2255 remedy for purposes of the savings clause. *See id*. at 830 ("a prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective"); *Pack*, 218 F.3d at 451 (§ 2255 remedy was not inadequate or ineffective where petitioner was time-barred from bringing a second or successive § 2255 motion).  In addition, Petitioner's arguments that the sentencing court erred in determining his sentence have nothing to do with the issue of whether he was convicted for conduct that did not constitute a crime.

Accordingly, Petitioner has not demonstrated that he is entitled to assert his claims under the savings clause of § 2255.

Because Petitioner's claims relate to alleged errors that occurred at or prior to his sentencing and do not fall within the savings clause, the Court must dismiss the Petition or construe it as a motion under § 2255. However, this Court lacks jurisdiction to adjudicate the Petition as a motion under § 2255 because claims under § 2255 must be heard in the sentencing court. Accordingly, the Petition must be dismissed.

### III.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court RECOMMENDS that the District Court DISMISS the Petition WITH PREJUDICE regarding jurisdiction, and WITHOUT PREJUDICE regarding all other issues. The Magistrate Court FURTHER RECOMMENDS that the District Court bar Petitioner from filing any pleadings, motions, or suits in a federal district court that assert claims which must be brought under § 2255 until he has received permission from the Court of Appeals to file such claims in a second or successive § 2255 motion. Lastly, the Magistrate Court RECOMMENDS that the District Court include within its judgment a provision expressly and specifically warning Petitioner that filing or pursuing any further claims which must be brought under § 2255 without first receiving permission from the Court of Appeals may result in the imposition of significant monetary sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74, 88 L. Ed. 2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of April, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE